**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CIVIL ACTION NO. 5:21-CV-00026-TBR**

**CHRISTINA D. MARKOS et al.**                                                                 **PLAINTIFFS**

**v.**

**THANOS KARVOUNIS**                                                                              **DEFENDANT**

**MEMORANDUM OPINION & ORDER**

A telephonic conference was held on February 22, 2021. Appearing by phone: Holly M. Homra and Jackie Madison Matheny, Jr. for the plaintiffs. Appearing for the defendant, was Harold T. Hurt.

Harold T. Hurt agreed to accept service on behalf of the defendant, Thanos Karvounis.

Before the Court is the Plaintiffs' Motion for a Temporary Injunction, DN 2. The Defendant replied, DN 11. The Court held a telephonic conference with the parties concerning the motion. *See* DN 10. The motion is ripe for review. For the reasons stated below, the motion is DENIED. **Further, this matter is set for a telephonic status conference Thursday, March 18, 2021, 10:00 AM CST. The Court will place the call to counsel**.

  **I.**   **Background**

Plaintiffs brought this action seeking injunctive relief to halt the dissolution and wind-up of a partnership known as Tommy's Pizza Palace, to compel profit distributions, and to require a an independent third-party's accounting of partnership interests. [DN 1]. Plaintiffs ask for relief including a temporary injunction, an order, costs of suit, reasonable attorney fees, a trial by jury, and other relief that the Court deems proper. [DN 1 at 5-6]. In addition to filing a complaint in which they ask for a temporary injunction, Plaintiffs separately filed a motion asking the Court for a temporary injunction. [DN 2]. In their motion, Plaintiffs "respectfully request the issuance

of a temporary injunction enjoining the dissolution and wind up of the Tommy's Pizza Palace partnership and compelling Karvounis to continue making profit distributions to the partners until further order of the Court, conformable to the prayer of the complaint." [DN 2 at 2-3].

## II. Standards

"[T]he Federal Rules of Civil Procedure do not recognize the existence of a 'temporary injunction.'" *Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 571-72 (6th Cir. 2002)). Accordingly, the Court interprets Plaintiff's motion for a temporary injunction as a motion for a temporary restraining order or a preliminary injunction under Federal Rules of Civil Procedure 65. "Federal courts sitting in diversity apply federal procedural jurisprudence regarding the factors to consider in granting a preliminary injunction, except state law is applied when determining whether the movant possesses a substantial likelihood of success on the merits of the movant's underlying diversity action." *Burkesville Hardwoods, LLC v. Coomer*, NO. 1:18-CV-00018-GNS-HBB, 2020 WL 353232, at *2 (W.D. Ky. Jan. 21, 2020) (citing *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 541 (6th Cir. 2007)).

To determine whether to grant a TRO or preliminary injunction, the district court is required to consider four factors: "'(1) the plaintiff['s] likelihood of success on the merits; (2) whether the plaintiff may suffer irreparable harm absent the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of an injunction upon the public interest.'" *Abney v. Amgen, Inc.*, 443 F.3d 540, 546 (6th Cir. 2006) (quoting *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson Cty.*, 274 F.3d 377, 400 (6th Cir. 2001)). "Balancing all four factors is necessary unless fewer are dispositive of the issue." *Katchak v. Glasgow Indep. Sch. Sys.*, 690 F. Supp. 580, 582 (W.D. Ky. 1988) (citing *In Re DeLorean Motor Co. v. DeLorean*, 755 F.2d 1223, 1228 (6th Cir. 1985)).

As to the irreparable-harm determination, there must be an actual, viable, presently existing threat of serious harm. *Mass. Coal. of Citizens with Disabilities v. Civil Def. Agency & Office of Emergency Preparednesss of Mass.*, 649 F.2d 71, 74 (1st Cir. 1981). "Despite the overall flexibility of the test for preliminary injunctive relief, and the discretion vested in the district court, equity has traditionally required such irreparable harm before an interlocutory injunction may be issued." *Friendship Materials, Inc. v. Mich. Brick, Inc.*, 679 F.2d 100, 103 (6th Cir. 1982). The plaintiff must show harm that is not remote or speculative but is actual and imminent. *Abney*, 443 F.3d at 552. The injury must be of such imminence that there is a clear and immediate need for relief in order to prevent harm. *Wis. Gas Co. v. Fed. Energy Regulatory Comm'n*, 758 F.2d 669, 674 (D.C. Cir. 1985). Moreover, "the proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000).

### III. Discussion

The Court finds that Plaintiffs have not made the requisite showing for the Court to issue a temporary restraining order or a preliminary injunction. Plaintiffs argue that "Defendant's dissolution and wind-up of the Partnership without an accounting of Plaintiffs' partnership interest will result in immediate and irreparable injury, loss, or damage to Plaintiffs pending a final judgment of this action if allowed to continue." [DN 2 at 2]. Plaintiffs have provided no support for this claim in their motion or elsewhere. Notably, Plaintiffs allege in their Complaint that they were notified of Defendant's intent to dissolve and wind up the partnership on or about October 20, 2020. [DN 1 at 4]. Yet, they did not file this action and the motion for an injunction until February 15, 2021. [DN 1 at 10]. After conferring with the parties in the Court's telephonic conference on February 22, 2021, it is apparent that the parties' primary source of contention is

4

the value of the partnership business at issue. Ultimately, Plaintiffs have not demonstrated that they will suffer immediate and irreparable harm in the absence of injunction. The Court finds this failure dispositive of the issue.

### IV.   Conclusion

For the reasons stated above, the Motion for a Temporary Injunction, DN 2, is **DENIED**. As stated above, **this matter is set for a telephonic status conference Thursday, March 18, 2021, 10:00 AM CST. The Court will place the call to counsel**.

Counsel shall file a joint **proposed agreed scheduling order** with the Court no later than **March 12, 2021.**

**IT IS SO ORDERED.**

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc: counsel
P/20

February 24, 2021

4