**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CIVIL ACTION NO. 5:21-CV-00026-TBR-LLK**

**CHRISTINA D. MARKOS *et al.*** **PLAINTIFFS**

**V.**

**THANOS KARVOUNIS** **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are three motions: (1) Defendant Thanos Karvounis's Motion for Permission to Record Deed [DN 15]; (2) Plaintiffs' Counter Motion for Transfer of Partnership Assets [DN 20], and (3) Plaintiffs' Motion for Periodic Accounting and Continued Distribution of Profits. [DN 23]. The motions are fully briefed and ripe for adjudication. For the reasons stated below, all three motions are DENIED.

**I. Background**

The following background information appears to be undisputed. In 1996, Defendant Thanos Karvounis entered into a partnership called Tommy's Pizza Palace with the Plaintiffs' father, James Karahalios. The partnership was, in part, in the business of owning, leasing, and managing real property known as Olympic Plaza, located in Murray, Kentucky. James Karahalios died in 2013 and his partnership interest vested in his widow, Georgia Karahalios, pursuant to Article X of the Partnership Agreement. [*See* DN 1-1 at 4]. Then, when Georgia Karahalios died in June 2020, her one-half interest in Tommy's Pizza Palace vested in a trust, the beneficiaries of which are her three children, the plaintiffs in this action.

Plaintiffs state that following Georgia Karahalios's death in June 2020, Karvounis notified them in October 2020 of his intent to dissolve and wind-up the partnership. [DN 1 at 4]. They also

state that he proposed a buy-out of their one-half interest in the partnership. *Id.* Plaintiffs objected to dissolution and winding up of the partnership. *Id.* Plaintiffs assert that Karvounis has formed a new limited liability company, Olympic Plaza, LLC, and that Karvounis intends to transfer the Tommy's Pizza Palace assets to Olympic Plaza, LLC. *Id.*

The complaint seeks injunctive relief to halt the dissolution and wind-up of the partnership and to require Karvounis to continue making profit distributions during the pendency of the litigation. *Id.* at 5. Plaintiffs further seek to require Karvounis to retain an independent third-party to provide an accounting of their partnership interest(s) pursuant to KRS 362.360. *Id.* at 5. Karvounis filed an answer and counterclaim, alleging that Plaintiffs are intentionally interfering with the windup of the partnership, and that such interference constitutes tortious interference with business relations and business expectancies. [DN 13 at 8].

## II. Defendant's Motion for Permission to Record Deed and Plaintiffs' Counter Motion for Transfer of Partnership Assets

### a. Arguments

Defendant Thanos Karvounis now moves the Court for permission to record a deed transferring the real property owned by Tommy's Pizza Palace to Olympic Plaza, LLC. [DN 15]. Karvounis states that he is now responsible for managing new and existing leases of tenants at the Olympic Plaza property, but he is unable to enter new leases or renew existing leases because he cannot do so under the Tommy's Pizza Palace partnership. *Id.* at 6. As such, Karvounis desires to pay Plaintiffs for Georgia Karahalios's partnership interest and continue operation of the business under the new entity, Olympic Plaza, LLC. *Id.*

Plaintiffs object to transfer of the property. [DN 20]. Plaintiffs argue that because winding up of the partnership has not been completed, the Tommy's Pizza Palace partnership still exists

and "may continue to operate and fulfill leases in its own name until such time as all accounts are settled." *Id.* at 2. Moreover, Plaintiffs assert that Karvounis has a fiduciary duty to the partnership, and "[t]ransferring the real property prior to settlement of the outstanding partnership affairs would be a breach of Defendant's fiduciary duty and would cause Plaintiffs irreparable harm and injury." *Id.* at 3. Plaintiffs also move for transfer of the partnership assets to Plaintiffs in exchange for payment to Defendant. *Id.* In sum, Plaintiffs ask the Court to deny Karvounis's Motion for Permission to Record Deed [DN 15] and to enter an order permitting transfer of the partnership assets to Plaintiffs in exchange for payment for Karvounis's interest in the partnership and its assets. *Id.* at 4.

Karvounis replied. [DN 21]. He argues that the Tommy's Pizza Palace partnership has been dissolved as an ongoing business, the partnership affairs were wound up as of December 31, 2020, and all that remains is settlement of the Plaintiffs' interest in Georgia Karahalios's partnership interest. *Id.* at 2-3. Moreover, Karvounis argues that Plaintiffs are asking the Court to determine that the partnership is ongoing until a settlement is reached because "one of their goals is to continue to extract one-half of the business profits after December 31, 2020." *Id.* at 3. In short, Karvounis states that the Plaintiffs have no rights to the partnership except as ordinary creditors, and under his authority to wind up the partnership, he should be permitted to transfer legal title of the real estate. *Id.* at 4. As to Plaintiffs' Motion for Transfer of Partnership Assets, Karvounis argues that the plaintiffs have no legal interest in the real property, the partnership property has passed to him, and he has the right to wind up the partnership affairs. *Id.* at 4-5.

Finally, in the plaintiffs' sur-reply, [DN 22], Plaintiffs assert that the Kentucky statutes do not permit Karvounis to transfer the real estate to himself because such possession of the property is not for a partnership purpose under KRS 362.270. *Id.* at 1-2. Plaintiffs point to subsection (2)(a)

of the statute, which provides, in part, that a partner has no right to possess partnership property for any other purpose than a partnership purpose without the consent of the other partners. KRS 362.270(2)(a). The statute also provides that "[o]n the death of a partner his right in specific partnership property vests in the surviving partner or partners . . . [s]uch surviving partner . . . has no right to possess the partnership property for any but a partnership purpose." KRS 362.270(2)(d). Plaintiffs also contend that while Karvounis may have the right to continue the business provided proper wind up, he does not have the exclusive right to do so, and the Plaintiffs also should have the right to continue the business. *Id.* at 2. Plaintiffs reassert their request for the partnership assets to be transferred to Plaintiffs in exchange for payment to Karvounis. *Id.*

    **b. Discussion**

    The Court will deny both Karvounis's Motion to Record Deed [DN 15] and Plaintiffs' Counter Motion for Transfer of Partnership Assets [DN 20] because it appears to the Court that neither motion is procedurally proper. *See Johnson v. Ryan*, No. CV-18-00889-PHX-DWL, 2018 WL 6573228, n.1 (D. Ariz. Dec. 13, 2018) (collecting authorities which find that a motion for declaratory relief or declaratory judgment is not a proper procedural vehicle to use in seeking such relief from a federal district court). In effect, both parties ask the Court for declaratory relief that is not sought in the Plaintiffs' complaint or in the Defendant's counterclaim. [DN 1]; [DN 13]. However, "the procedure for obtaining a declaratory judgment must be in accordance with the federal rules." *Procedure in Declaratory Actions*, 10B Fed. Prac. & Proc. Civ. § 2768 (4th ed.). Moreover, a movant must file a complaint with the court to seek declaratory relief. *Id.*; *see also In re Oakland Physicians Med. Ctr., LLC*, No. 2:19-cv-11773, 2020 WL 1323995, at *2 (E.D. Mich. Mar. 20, 2020) (citations omitted) ("The requirements of pleading and practice in actions for declaratory relief are exactly the same as in other civil actions . . . the movant must first file a

complaint in accordance with the Federal Rules."). "[A] party may not make a motion for declaratory relief, but rather, the party must bring an action for a declaratory judgment." *Kam–Ko Bio–Pharm Trading Co., Ltd. v. Mayne Pharma (USA) Inc.*, 560 F.3d 935, 943 (9th Cir. 2009) (quoting *Int'l Bhd. of Teamsters v. E. Conference of Teamsters*, 160 F.R.D. 452, 456 (S.D.N.Y.1995)). "[T]his Court may 'may declare the rights and other legal relations of any interested party seeking such declaration' pursuant to 28 U.S.C. § 2201 only 'upon the filing of an appropriate pleading.'" *In re ClassicStar Mare Lease Litig.*, No. 07-353-JMH, 2016 WL 817139, at *1 (E.D. Ky. Feb. 29, 2016) (citing 28 U.S.C. § 2201; Fed. R. Civ. P. 7). Accordingly, the Court does not find it appropriate to grant either Karvounis's Motion to Record Deed [DN 15] or Plaintiffs' Counter Motion for Transfer of Partnership Assets [DN 20]. Both motions are denied.

## III. Plaintiffs' Motion for Periodic Accounting and Continued Distribution of Profits

### a. Arguments

Plaintiffs also move for periodic accounting and continued distribution of profits. [DN 23]. Plaintiffs argue that the wind up of the Tommy's Pizza Palace partnership is not complete, and until such wind up is complete, "Plaintiffs are entitled to continued periodic accountings of the partnership's finances" and that "Plaintiffs are entitled, at their option, to a continued distribution of the profits derived from the use of the deceased partner's interest." [DN 23 at 2]. Plaintiffs state that Karvounis ceased making profit distributions in December 2020 and that they have not been provided an updated accounting, so "they are unaware of the current status of the partnership's finances." *Id.*

Karvounis responds that since December 31, 2020, no partnership business has been transacted except the payment of a few creditors in January 2021. [DN 24 at 1-2]. Karvounis also states that the only outstanding creditors include The Murray Bank and the Estate of Georgia

Karahalios. *Id.* at 2. In short, Karvounis argues that the plaintiffs have been provided an accounting through the dissolution and winding up of the partnership and that they are not entitled to any further accounting or profits after December 31, 2020, because the partnership was wound up as of that date. *Id.* Karvounis states: "If the Court grants Defendant's motion to record the deed from the partnership to Olympic Plaza, LLC, Defendant will immediately complete the process of closing the approved loan from The Murray Bank and pay off the partnership loan and will be prepared to pay the Plaintiffs the value of Georgia Karahalios' partnership interest." *Id.* at 6.

Plaintiffs cite two Kentucky statutes in support of their motion. [*See* DN 23 at 2-3]. First, KRS 362.245 provides: "Partners shall render on demand true and full information on all things affecting the partnership to any partner or to the legal representative of any deceased partner or partner under legal disability." Second, KRS 362.355 provides:

> When any partner retires or dies, and the business is continued under any of the conditions set forth in subsections (1), (2), (3), (5), and (6) of KRS 362.350 or paragraph (b) of subsection (2) of KRS 362.335, without any settlement of accounts as between him or his estate and the person or partnership continuing the business, unless otherwise agreed, he or his legal representative as against such persons or partnership may have the value of his interest at the date of dissolution ascertained, and shall receive as an ordinary creditor an amount equal to the value of his interest in the dissolved partnership with interest, or, at his option or at the option of his legal representative, in lieu of interest, the profits attributable to the use of his right in the property of the dissolved partnership; provided that the creditors of the dissolved partnership as against the separate creditors, or the representative of the retired or deceased partner, shall have priority on any claim arising under this section, as provided by subsection (8) of KRS 362.350.

KRS 362.355. Plaintiffs argue that under these statutes, Karvounis is required to provide continued accountings and "profits attributable to the use of [the deceased partner's] right in the property of the dissolved partnership" until the partnership is fully wound up. [DN 23 at 3]; KRS 362.355.

**b. Discussion**

Unlike the previous two motions discussed above, in their motion for periodic accounting and continued distribution of profits, Plaintiffs appear to request injunctive relief rather than declaratory relief. Moreover, Plaintiffs ask, in part, for the same relief sought in their complaint—accounting of the partnership and distribution of profits. [DN 23]; [DN 1]. Although Plaintiffs do not specify the procedural mechanism grounding their motion, the Court will construe their motion as a motion for a preliminary injunction under Federal Rule of Civil Procedure 65.

"When deciding whether to grant a preliminary injunction, courts must balance four factors: '(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent the injunction; (3) whether the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of an injunction.'" *Memphis A. Philip Randolph Inst. v. Hargett*, No. 20-6141, 2021 WL 2547052, at *1 (6th Cir. June 22, 2021) (citing *Am. Civil Liberties Union Fund of Mich. v. Livingston County*, 796 F.3d 636, 642 (6th Cir. 2015)). "Balancing all four factors is necessary unless fewer are dispositive of the issue." *Katchak v. Glasgow Indep. Sch. Sys.*, 690 F. Supp. 580, 582 (W.D. Ky. 1988) (citing *In Re DeLorean Motor Co. v. DeLorean*, 755 F.2d 1223, 1228 (6th Cir. 1985)). "[T]he party seeking a preliminary injunction bears the burden of justifying such relief." *Hargett*, 2021 WL 2547052, at *1 (quoting *Livingston County*, 796 F.3d at 642).

As to the irreparable-harm determination, there must be an actual, viable, presently existing threat of serious harm. *Mass. Coal. of Citizens with Disabilities v. Civil Def. Agency & Office of Emergency Preparednesss of Mass.*, 649 F.2d 71, 74 (1st Cir. 1981). "Despite the overall flexibility of the test for preliminary injunctive relief, and the discretion vested in the district court, equity has traditionally required such irreparable harm before an interlocutory injunction may be

issued." *Friendship Materials, Inc. v. Mich. Brick, Inc.*, 679 F.2d 100, 103 (6th Cir. 1982). The plaintiff must show harm that is not remote or speculative but is actual and imminent. *Abney v. Amgen, Inc.*, 443 F.3d 540, 552 (6th Cir. 2006) The injury must be of such imminence that there is a clear and immediate need for relief in order to prevent harm. *Wis. Gas Co. v. Fed. Energy Regulatory Comm'n*, 758 F.2d 669, 674 (D.C. Cir. 1985). Moreover, "the proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000).

The Court earlier denied Plaintiffs' motion for a temporary injunction seeking to enjoin the dissolution and wind up of the partnership and compelling continued profit distributions because Plaintiffs had not shown that they would suffer immediate and irreparable harm in the absence of an injunction. [DN 2]; [DN 12]. In their present motion for a preliminary injunction, Plaintiffs provide state statutory authority addressing the Defendant's partnership obligations, but they do not clearly address the factors the Court must balance in considering a motion for a preliminary injunction. *Hargett*, 2021 WL 2547052, at *1. Again, Plaintiffs bear the burden of demonstrating that they are entitled to a preliminary injunction. *Id.* (quoting *Livingston County*, 796 F.3d at 642).

The first factor the Court considers is Plaintiffs' likelihood of success on the merits of their underlying claims. This factor weighs against a preliminary injunction. The two claims in Plaintiffs' complaint include: (1) Count I (Injunctive Relief): Plaintiffs request a temporary injunction halting dissolution and wind-up of the partnership until an accounting is complete and requiring profit distributions during the pendency of the litigation; (2) Count II (Accounting) – Plaintiffs request "an Order requiring Karvounis to retain an independent third-party to provide a thorough accounting of Plaintiffs' partnership interest(s) pursuant to KRS 362.360." [DN 1 at 4-5]. As to Count I, the Court has already denied a "temporary injunction" enjoining dissolution and

windup and requiring continued profit distributions, as sought by Plaintiffs in an earlier motion, because Plaintiffs had not shown that they would suffer immediate and irreparable harm in the absence of an injunction. [DN 2]; [DN 12]. As to Count II of the complaint, Plaintiffs claim that they are entitled to an accounting of the partnership interests pursuant to KRS 362.360. In their motion, Plaintiffs state that KRS 362.245 requires a partner to render true and full information on all things affecting the partnership to the legal representative of a deceased partner. [DN 23 at 2]. The statutes provide:

> Partners shall render on demand true and full information on all things affecting the partnership to any partner or to the legal representative of any deceased partner or partner under legal disability.

KRS 362.245.

> The right to an account of his interest shall accrue to any partner, or his legal representative, as against the winding up partners or the surviving partners or the person or partnership continuing the business, at the date of dissolution in the absence of any agreement to the contrary.

KRS 362.360.

Plaintiffs recognize in their complaint that a partner has a right to an accounting of his partnership interest at the date of dissolution. [DN 5]. The partnership here was dissolved, though not wound up, when Georgia Karahalios died, which the parties appear to agree was on June 18, 2020. *See* KRS 362.300(4); [DN 1 at 3]; [DN 13 at 6]. Karvounis states that CPA Michael Pierce issued a written opinion valuing the partnership interests as of December 31, 2020, and thus, Plaintiffs have been provided the accounting to which they are entitled. [DN 24 at 2-3]. However, Plaintiffs argue that the partnership has continued its operations even after December 31, 2020, so Plaintiffs are still entitled to continuing information about the partnership under KRS 362.245.

It does not appear to the Court that the partnership has terminated, and as Plaintiffs argue, they are entitled to continuing information about the partnership under KRS 362.245 even if the

value of their interest in the partnership is to be determined as of the date of dissolution under KRS 362.360. However, Plaintiffs have not shown a likelihood of success on what they request in Count II of their complaint—an order requiring Karvounis to retain an independent third-party to provide a thorough accounting of Plaintiffs' partnership interests. In other words, while Plaintiffs may have the statutory right to continue receiving information about the partnership under KRS 362.245, that is not what they request in their complaint. Plaintiffs have not shown a strong likelihood of success on either claim in their complaint. Thus, the first factor weighs against the grant of a preliminary injunction.

The second factor is whether the Plaintiffs will suffer immediate and irreparable harm in the absence of an injunction. Plaintiffs have not established that they will suffer immediate or irreparable harm. Even if Plaintiffs are entitled to the accountings and profit distributions they seek, the Court does not find that Karvounis's failure to provide such accountings and profits at this time will result in irreparable harm to Plaintiffs. Thus, the second factor weighs against the grant of a preliminary injunction.

The third factor the Court considers is whether the injunction would cause substantial harm to others. The Court does not find that Karvounis's being required to provide periodic accountings and profit distributions would result in harm to others. Thus, the third factor weighs in favor of a grant of a preliminary injunction.

Finally, the Court considers whether the public interest would be served by the issuance of an injunction. The Court cannot conceive of how the injunction sought here would affect the public interest in any meaningful way. Moreover, Plaintiffs, who bear the burden of showing that they are entitled to an injunction, do not argue that the public interest will be served by an injunction. This factor neither supports nor undermines Plaintiffs' request for an injunction.

On balance, the Court finds that Plaintiffs are not entitled to a preliminary injunction for periodic accountings or continued distribution of profits. The motion will be denied.

## IV. Conclusion

For the reasons stated above:

1. Defendant Thanos Karvounis's Motion for Permission to Record Deed [DN 15] is DENIED.
2. Plaintiffs' Counter Motion for Transfer of Partnership Assets [DN 20] is DENIED.
3. Plaintiffs' Motion for Periodic Accounting and Continued Distribution of Profits [DN 23] is DENIED.

**IT IS SO ORDERED**.

Thomas B. Russell

**Thomas B. Russell, Senior Judge**
**United States District Court**

July 23, 2021

cc: counsel